[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (133.00)
In this foreclosure action the plaintiffs, Stewart J. Leonard, Jr. and Marianne Leonard, have moved to strike two counts of the defendant Robert J. Gagstetter's counterclaim, those alleging unjust enrichment to, and fraud by, the plaintiffs. At oral argument on February 24, 2003, the defendant, by his counsel, conceded the validity of the plaintiffs' arguments with respect to the fifth count (fraud) and the related claims for punitive damages and attorneys fees.
The legal standards applicable to a motion to strike a pleading are well known. The court is limited to the facts alleged therein, and must construe the facts in the pleading most favorably to the pleader. Watersv. Autuori, 236 Conn. 820, 825, 676 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 588, 693 A.2d 293 (1997). What is necessarily implied in an allegation need not be expressly alleged.Lombard v. Edward J. Peters, Jr., PC, 250 Conn. 623, 626 (2000).
In the first count of his counterclaim Gagstetter alleges the following: he worked for the plaintiffs at the Stew Leonard's stores in Norwalk and Danbury from 1979 through December 2000; he purchased the subject real estate from the Leonards in 1994; that immediately after the closing, an agent of the Leonards demanded that Gagstetter execute a note and mortgage in the sum of approximately $27,000 in favor of the Leonards or else he would be fired from his job at Stew Leonard's and that, under duress, coercion and the threat of losing his job, Gagstetter executed the note and mortgage. Gagstetter also alleges that he re-executed the same documents a year and a half later during a refinancing, and that he was under the same coercion, duress and threat. Finally, Gagstetter alleges he paid the note in accordance with its terms by means of automatic payroll deductions until December 1999 when he left his job at CT Page 2631 Stew Leonard's and stopped making payments.[1] Gagstetter claims that there was no consideration for the note and mortgage, and his payments to the Leonards constituted unjust enrichment.
The Leonard's motion to strike the unjust enrichment count contends that it (1) fails to state a claim upon which relief may be granted, and (2) is barred by the statute of limitations. As to the first point, the Leonards argue that Gagstetter has not alleged that he has no remedy by means of a contract claim, citing language from Gagne v. Vaccaro,255 Conn. 390, 401 (2001) ("[i]ndeed, lack of remedy under the contract is a precondition for recovery based upon unjust enrichment").
The Leonards do not suggest what remedy is available to Gagstetter under either the note or mortgage, and this court is not aware of any provision in those documents providing a remedy. In Gagne, the Connecticut Superior Court stated:
As we have recognized often, "[a] right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which based come to him at the expense of another . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard . . .
Unjust enrichment is a very broad and flexible equitable doctrine what has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff . . . The doctrine's three basic requirements are that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefit, and (3) the failure of payment was to the plaintiff's detriment.
Gagne v. Vacaro, supra 255 Conn. 408-09 (citations omitted, internal quotation marks omitted).
The court does not read the Gagne decision as making the lack of a contractual remedy a pleading requirement. Instead, the language relied on by the plaintiffs simply states the obvious: that the equitable remedy of unjust enrichment may only be employed when there is no legal remedy available under the contract. However, given the equitable nature of the remedy, and the fact that the allegations are that Gagstetter was unduly coerced into signing a note and mortgage, the court concludes that if an CT Page 2632 allegation that no contract remedy exists is required to state a claim, such an allegation can be fairly implied from the existing allegations.
The Leonards also contend that the unjust enrichment claim is barred by the applicable statute of limitations of three years. General Statutes § 52-581. The pleading at issue states that Gagstetter made payments at least through December 1999. See footnote 1 supra. The defendants' motion to amend his answer and add a counterclaim was filed on October 11, 2002. While some of the payments which Gagstetter claims were made appeared to have occurred more than three years years before October 11, 2002, the allegations state that other payments were made within the limitations period. Therefore, the motion to strike the first count is denied.
Conclusion
The motion to strike the fifth count of the counterclaim is granted; the motion to strike the first count is denied.
 Taggart D. Adams Superior Court Judge